IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOZELLE GOUDY, JB-9115, )
    Petitioner, )
     )
    v. ) 2:14-cv-156
     )
MARIROSA LAMAS, )
    Respondent. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Mozelle Goudy for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Mozelle Goudy, an inmate at the State Correctional Institution Benner has presented a petition for a writ of habeas corpus.

Petitioner is presently serving a twelve to twenty-four year sentence imposed following his plea of guilty to a charge of third degree murder at No. 73 Criminal 2008, in the Court of Common Pleas of Mercer County, Pennsylvania. This sentence was imposed on June 5, 2009.[1] No appeal was pursued.[2]

On June 3, 2010, Goudy filed a post-conviction petition.[3] On December 9, 2010 post-conviction relief was denied.[4] A notice of appeal was filed and upon petitioner's request, that appeal was discontinued on May 5, 2011.[5] An amended post-conviction petition was then filed and it was dismissed on August 3, 2011.[6] An appeal was taken to the Superior Court in which the issue presented was:

---

[1] See: Petition and Exhibit G to the answer.
[2] See: Petition at ¶ 8.
[3] See: Exhibit I to the answer.
[4] See: Exhibit J to the answer.
[5] See: Exhibits M and N to the answer.
[6] See: Exhibit P to the answer.

1

> Whether the trial court erred in denying the appellant's Post Conviction Relief Petition alleging that at the time of the Appellant's guilty plea, he did not provide a guilty plea colloquy providing a factual basis for the plea of guilty to murder in the third degree?[7]

On March 1, 2012 the denial of post-conviction relief was affirmed on the grounds that it was untimely filed.[8]

A third post-conviction petition was filed in September 24, 2012 raising the issue of petitioner's competency. It was dismissed on January 9, 2013 on the grounds that even if the petition had been timely filed the issue was meritless.[9]

A fourth post-conviction petition was filed on July 31, 2013 and dismissed on September 16, 2013 on the grounds that even if it was assumed that the petition was timely, it was meritless.[10]

In the instant petition, received on February 4, 2014, Goudy alleges he is entitled to relief on the grounds that trial counsel was ineffective in not filing a direct appeal and that as a result he has been foreclosed from seeking relief.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[7] See: Exhibit U to the answer.
[8] See: Exhibit W to the answer.
[9] See: Exhibits AA and BB to the answer.
[10] See: Exhibits CC, DD and FF to the answer.

pending shall not be counted toward any period of limitation under this
subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In his appeal from the denial of post-conviction relief, the sole issued raised by petitioner was:

> Whether the Trial Court erred in denying the Appellant's Post Conviction Relief Petition alleging that at the time of the Appellant's guilty plea, he did not provide a guilty plea colloquy providing a factual basis for the plea of guilty to murder in the third degree?[11]

In its March 1, 2012 Memorandum, the Superior Court addressed the timeliness of Goudy's post-conviction petitions:

> On June 2, 2011, Appellant filed a document he entitled "Amended Petition for Post Conviction Collateral Relief – Nunc Pro Tunc." In this document, Appellant noted that he already had filed a PCRA petition and that the court had denied the petition. He asserted that he discontinued his appeal from the denial of that petition "to clarify the issues at the trial court level." Appellant again claimed that his guilty plea was defective. The PCRA court concluded that the guilty plea was adequate and denied the petition. Appellant timely filed a notice of appeal.
>
> In his brief to this Court, Appellant asks us to consider one question, namely, "Whether the trial court erred by denying the Appellant's Post Conviction Relief Petition alleging that at the time of the Appellant's guilty plea, he did not provide a guilty plea colloquy providing a factual basis for the plea of guilty to murder in the third degree?" However, before we can address this question, we must determine whether the PCRA court had jurisdiction to consider the substantive claims Appellant raised in his petition.
>
> Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. "The PCRA's time restrictions are jurisdictional in nature." "Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."
>
> Appellant's judgment became final on or around July 9, 2009, i.e., when his time expired to file a direct appeal in this Court. Thus, Appellant had until approximately July 9, 2010, in order to timely file a PCRA petition.

---

[11] See: Exhibit U to the answer at p.4.

3

> Appellant did timely file a PCRA petition on June 3, 2010. As we noted above, the PCRA court denied that petition on December 10, 2010. That order was final and appealable. While Appellant did appeal from that order, he discontinued his appeal.
>
> Because the PCRA court entered a final order regarding Appellant's initial PCRA petition, he could not "amend" that petition with the document he filed on June 2, 2011. Consequently, the petition Appellant filed on June 2, 2011, constituted his second PCRA petition. Appellant filed this petition after July 9, 2010. As such, Appellant untimely filed the petition, and the PCRA court lacked jurisdiction to consider the claims Appellant raised in the petition. For these reasons, the PCRA court properly denied Appellant's petition. We, therefore, affirm the order denying Appellant's petition (citations and footnotes omitted).[12]

This conclusion, based solely on state law is binding here. Swarthout v. Cooke 131 S.Ct. 859 (2011).

As an untimely post-conviction petition it was not "properly filed" under state law. Pace v. DiGulglielmo, supra. Thus, for federal purposes the one year period in which to seek federal relief terminated on or about December 10, 2011 which was one year after the last timely action under state law. The instant petition was received on February 4, 2014 which is clearly far in excess of the statutory permissible filing period. Because no valid equitable tolling considerations are raised, the petition here is time barred and should be dismissed.

Additionally, we observe that the sole issue which Goudy presents here is that of ineffective assistance of trial counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---
[12] See: Exhibit W to the answer a pp.1-3.

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

In the instant case, petitioner never raised the issue of ineffective assistance of counsel in the state courts. For this reason the claim is procedurally defaulted and does not provide a basis for relief. Coleman v. Thompson, 501 U.S. 722,750 (1991).

When a guilty plea is challenged the only appropriate issue is whether that plea was knowingly, voluntarily and intelligently entered. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Counsel must provide the defendant with sufficient information to make an informed decision. Shotts v. Wetzel, 724 F.3d 364 (3d Cir. 2013), cert. denied 134 S.Ct. 1340 (2014). The record reveals that at the guilty plea hearing held on April 9, 2009 the petitioner testified that he had viewed the videotapes concerning his plea rights as well as the rights he was foregoing by entering a plea and that he understood those rights (TT.2-3); that he was alert and aware of the proceedings that were occurring (TT.4); that he had been offered a plea bargain providing that in exchange for his plea he would be sentenced to twelve to twenty-four years of incarceration and that no other promises had been made (TT.5-6); that he had consulted with defense counsel about his plea (TT.6, 29); the court explained and petitioner indicated that he understood the elements of the crime to which he was pleading (TT.6-10); that at the time of the homicide he was drinking with the victim for several hours and using cocaine; that he next thing he remembers is that the victim was lying on the floor and he was holding his shotgun which had been fired and that no one else was present (TT.10-21); that he sincerely believed he was guilty of third degree homicide and that his plea was in his best interest (TT.28); that he fully understood the plea agreement (TT.30); that everything he had stated was truthful and no promises had been made as to the actual sentence the court would impose; (TT.28-33); that by entering the plea he was waiving any appellate rights unless a greater sentence was imposed (TT.32-33) and he then proceeded to execute the plea agreement (R.37).

5

The record clearly demonstrates that when he entered his plea, Gaudy was fully aware of the proceedings, that he recognized his responsibility for the crime and that he also understood that entering the plea was in his best interest in that he would receive a lighter sentence than could be imposed if he went to trial and was convicted and that he had discussed the matter with his attorney. Clearly there is no basis for concluding that the plea was not knowingly, voluntarily and intelligently entered with the assistance of counsel. In addition, there is no basis to claim that counsel was deficient in not raising the sentence challenge in a direct appeal since to do so would be an exercise in futility since the right to appeal the sentence had knowingly been waived. Counsel cannot be deemed ineffective for failing to raise a meritless claim. <u>Real v. Shannon</u>, 600 F.3d 302 (3d Cir.2010). Thus, no showing is made that would support an appropriately raised claim of ineffective assistance of counsel.

Because, the petitioner here is untimely is it subject to dismissal. However, even if that were not the case, the claim which the petitioner seeks to raise here has never been raised in the courts of the Commonwealth and for this reason is procedurally defaulted. Additionally, even if the claim was properly before this Court, it is meritless. There is no demonstration here that Goudy's conviction was obtained in any manner contrary to federal law as determined by the United States Supreme Court nor involved any unreasonable application of that law. For this reason, it is recommended that the petition of Mozelle Goudy for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: June 30, 2014

United States Magistrate Judge